UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LAWRENCE ROBERT WILKE, | ) | |
|---|---|---|
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-373 RM |
| | ) | (Arising out of 3:07-CR-110(05) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent* | ) | |

OPINION and ORDER

Lawrence Wilke pleaded guilty on May 14, 2008 to one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana (Count 1 of the superceding indictment), in violation of 21 U.S.C. § 846. He was sentenced on January 15, 2009 to a term of 46 months' imprisonment, to be followed by a four-year term of supervised release, and was ordered to pay a special assessment of $100.00. The court dismissed (on the government's motion) the charges against Mr. Wilke contained Counts 1 and 2 of the original indictment and Count 2 of the superceding indictment pursuant to the terms of the plea agreement. Plea Agree., ¶ 7(f). Mr. Wilke now asks that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Wilke's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Wilke's plea agreement, signed by Mr. Wilke, his attorney Andre Gammage, and Assistant United States Attorney William Grimmer contains the following language in paragraph 7(n):

> (f) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth my offense(s) as set forth in this pleas agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Wilke now challenges his sentence based on his claims that he was denied effective assistance of counsel.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000).

Mr. Wilke claims his counsel was ineffective during the sentencing proceedings, which resulted in his receiving a firearms enhancement. According to Mr. Wilke, "In the instant case no firearm(s) were found in the same location as any of the subject drugs. A firearm was found in a room which also contained approximately $3,000.00 which the government alleges is 'drug money'. It is this petitioner's position that if counsel had been properly prepared that defense counsel would have been able to show that the subject monies were not the residue of any criminal act." Petn. Memo., at 2. Mr. Wilke says that had counsel "been aware of the origins of the 'found money' he would have been able to demonstrate through third party witnesses and documents that the monies found were not the proceeds of any drug transactions." Petn. Memo., at 6.

Mr. Wilke stated in his plea agreement that he had informed his attorney of "the facts and surrounding circumstances as known to me concerning the matters mentioned in the superseding indictment and believe and feel that my lawyer is fully informed to all such matters. My lawyer has counseled and advised

3

with me as to the nature and elements of every accusation against me and as to any possible defenses I might have." Plea Agree., ¶ 3. Mr. Wilke represented to the court that he believed his attorney "has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me." Plea Agree., ¶ 9.

Mr. Wilke also stated at his change of plea hearing that he told his attorney everything he needed to know to represent him in this case and that he was satisfied with the representation his counsel had provided. Mr. Wilke also answered questions from the court about the waiver provision of his plea agreement:

> THE COURT: As I understand it, you're aware that people who are sentenced in federal court have the right to appeal their sentence. But as I understand it, as part of your plea agreement, you're giving up the right to appeal and the right to file any later petition for writ of habeas corpus or petition for post-conviction relief or anything like that. You understand you could do that, but you're giving that right up? Do I understand that correctly?
>
> MR. WILKE: Yes, sir.
>
> THE COURT: That's an important provision, so I want to be sure we understand that the same way. As I understand it, that means that if from here on out I do anything with respect to the case that you don't think was right, or if Mr. Grimmer or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Gammage in representing you were to do anything with respect to the case that you don't think was right, even if whatever happened meant that your sentence was longer than it should have been, once the sentence is imposed at the sentencing hearing, you wouldn't be able to complain about whatever went wrong to this court or to any other court. Is that how you understand that?

MR. WILKE: Yes, sir.

Plea Hrg. Tr.

Mr. Wilke's sworn statements at his change of plea hearing are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Wilke's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Wilke during the plea colloquy, and Mr. Wilke acknowledged that he understood. Mr. Wilke hasn't challenged his plea agreement or the waiver provision. *See* Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008) ("Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver."). Because Mr. Wilke's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d at 453.

Mr. Wilke hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), and while a sentence in excess of the statutory maximum sentence for a defendant's

5

crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Wilke's sentence was not greater than the 40-year maximum for violation of 21 U.S.C. § 846. Mr. Wilke's only claim is that his counsel was ineffective during the sentencing process, a claim Mr. Wilke waived in his plea agreement.[1]

Based on the foregoing, Mr. Wilke isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [filed August 14, 2009] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED:   August 19, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

[1] Mr. Wilke's petition is based on his claim that the two-level enhancement he received for possession of a firearm in connection with his drug offense resulted from ineffective representation at sentencing. Had Mr. Wilke not waived his right to file his § 2255 petition, he still couldn't succeed on his claim. At the sentencing hearing, Mr. Wilke's counsel objected to the firearm enhancement, and the court considered, but rejected the objection: "Mr. Wilke's firearm was found, loaded, inches from $3,418.00 in drug proceeds that Mr. Wilke was going to pay to his supplier. The court cannot find that the weapon was clearly unrelated to the drug activity that produced those proceeds. . . . The court accordingly overrules Mr. Wilke's objection." Sent. Memo., at 2. That Mr. Wilke's objection was rejected doesn't demonstrate ineffective assistance of counsel. "To meet the prejudice prong of Strickland [v. Washington, 466 U.S. 668 (1984)], in an ineffective assistance at sentencing claim, [Mr. Wilke] must show that but for counsel's unprofessional error, there is a reasonable probability that the results would have been different." Berkey v. United States, 318 F.3d 768, 774 (7th Cir. 2003). Mr. Wilke hasn't done so: he hasn't alleged that Mr. Gammage refused to present evidence Mr. Wilke provided to him nor has Mr. Wilke pointed to "any evidence he would have presented that would create a reasonable probability that the result of the proceedings would have been different." Id.

6